Merrimac Trading Company v. Commissioner.
Merrimac Trading Co. v. Commissioner
Docket No. 6502.
United States Tax Court
1946 Tax Ct. Memo LEXIS 87; 5 T.C.M. (CCH) 773; September 6, 1946
Frank J. Albus, Esq., Earle Bldg., Washington, D.C., for the petitioner. William D. Harris, Esq., for the respondent. OPPER
Supplemental Opinion OPPER, Judge: In our opinion herein, entered August 29, 1946 [page 757 herein], reference to an alternative issue advanced by petitioner was inadvertently omitted, and was made the subject of a motion *88 for reconsideration which has been granted. That contention, to borrow petitioner's language, is "that even though the action taken by the petitioner did not constitute the irrevocable setting aside [in 1941] within the meaning of Section 504 of the Code, still the petitioner was entitled to the deduction for the reason that the indebtedness was actually paid on March 3, 1942 out of 1941 earnings." Petitioner's position is based upon the absence in section 504(b) of any reference to the year in which the payment in question must be made. See footnote 1 of the original opinion. But even if it were possible to except the operation of the personal holding company tax from the general rule of annual computation, cf. ; , any omission in this respect is supplied by other provisions. Section 508 applies to the personal holding company subchapter "all provisions of law (including penalties) applicable in respect of the taxes imposed by chapter 1 * * *" Section 43 of chapter 1 requires that "The deductions and credits" provided for in that chapter "be taken for the *89 taxable year in which 'paid or accrued' or 'paid or incurred,' dependent upon the method of accounting upon the basis of which the net income is computed * * *." At the very least, the operation of these sections upon the present question necessarily entails that degree of ambiguity which renders "peculiarly appropriate" a recourse to administrative construction. . On the point under consideration respondent's regulations have been consistent, unquestioned, and of long standing. Regs. 86, Art. 351-4; Regs. 94, Art. 351-4; Regs. 101, Art. 405-2(b); Regs. 103, Sec. 19.504-2(b); Regs. 111, Sec. 29.504-2(b). Any contention that a deduction for amounts "used * * * to pay" indebtedness in a subsequent year may be permitted against the income of an earlier taxable year must accordingly fail, see 7 Mertens, Law of Federal Income Taxation, 217, and no change in the conclusion reached in the original opinion need be made as a result of the present reconsideration. Decision will be entered under Rule 50.